IN THE UNITED STATES COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

NICHOLAS PANTALEO,                    )
    Plaintiff,                         )        Case Number:_____
                                       )
    vs.                                )        Judge:_____
                                       )        Magistrate Judge:_____
KATHLEEN SEBELIUS, SECRETARY          )
OF THE DEPARTMENT OF HEALTH           )        HIC Number:  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A
AND HUMAN SERVICES,                   )        ALJ Appeal Number:  1-448920061
    Defendant.                         )

## COMPLAINT FOR JUDICIAL REVIEW OF ERRONEOUS MEDICARE FINDINGS REGARDING MEDICARE LIEN SOUGHT TO BE IMPOSED UPON PERSONAL INJURY SETTLEMENT PROCEEDS OF PLAINTIFF, NICHOLAS PANTALEO

NOW COMES the Plaintiff, NICHOLAS PANTALEO, by and through his attorney, W. RANDAL BAUDIN of BAUDIN & BAUDIN, and complains against the Defendant, KATHLEEN SEBELIUS, SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, as follows:

## JURISDICTION:

1.  This cause of action is being brought by Mr. Pantaleo pursuant to the provisions of 42 U.S.C. §1395ff(b), *et seq*, to wit: Federal Court administrative review of final decision in the administrative proceedings of the Secretary of the Department of Health & Human Services for payment of a Medicare lien the Secretary is seeking to be imposed upon the personal injury settlement proceeds of the Plaintiff, Nicholas Pantaleo.

2.  More specifically, Nicholas alleges that he has exhausted his administrative review appeal remedies by virtue of a final decision rendered by the Department of Health and Human Services, Departmental Appeals Board, "Decision of Medicare Appeals Council," issued February 8, 2010, by M. Susan Wiley, Administrative Appeals

Judge. A copy of that decision is attached hereto as **Exhibit "A."** (Bates pp.1-9.)

3. Nicholas is filing this cause of action within the applicable time constraints set forth at *inter alia* 42 C.F.R. §405.1130. More specifically, the aforesaid final decision was issued by the Secretary as aforesaid on February 8, 2010. Five days hence, the presumption that the decision letter would be received within five days of the date of its issuance, reveals that date to be Saturday, February 13, 2010. Nicholas Pantaleo's attorneys, however, Baudin & Baudin, do not have office hours on Saturdays, and therefore it is presumed that the aforesaid decision was received on Monday, February 15, 2010—and in any event, the attorneys for Mr. Pantaleo, Baudin & Baudin, did not receive the said decision until February 16, 2010. Attached as **Exhibit "B"** (Bates pp.10,11) is the "received" stamp regarding the aforesaid decision, reflecting receipt by the law firm on February 16, 2010.

3. Accordingly, 60 days hence from the date of actual receipt is April 17, 2010, and this action is therefore being filed on April 15, 2010, and is timely.

**PROCEDURAL HISTORY:**

4. Nicholas Pantaleo (Appellant & Beneficiary) settled a claim for injuries alleged to have occurred as a result of an automobile accident on May 14, 1994. The Beneficiary, through legal counsel, received a settlement. The Beneficiary received treatment from various providers in response to his injuries. On February 1, 2008, Medicare Secondary Payer Recovery Contractor (MSPRC) sent the Beneficiary a letter indicating that Medicare had made conditional payments in a total of $20,619.93. On March 24, 2008, the MSPRC determined that the Beneficiary was required to repay Medicare a total of $4,576.00. The Appellant requested redetermination of this sum, but

the MSPRC determined on July 8, 2008, that their initial figure was correct, and the Beneficiary was required to repay Medicare $4,576.00, plus interest.

5. On March 10, 2009, Maximus Federal Services, the Qualified Independent Contractor (QIC), received a reconsideration request from the Beneficiary's attorney, W. Randal Baudin. On March 23, 2009, the QIC issued an unfavorable decision, indicating that Medicare's lien does not include charges that were unrelated to the Beneficiary's May 14, 1994, accident. The QIC found that without medical documentation that claims included in the Medicare line were unrelated to the accident, there was no basis to conclude that any reduction was warranted.

6. On June 1, 2009, the Cleveland, Ohio Office of Medicate Hearings and Appeals (OMHA) received a timely filed request from the Beneficiary's attorney for a hearing before an Administrative Law Judge (ALJ). The amount in controversy satisfied the jurisdictional requirements for an ALJ hearing. A teleconference hearing was held in Cleveland on August 4, 2009, before Judge John P. Sellers, III. The Appellant was represented at the hearing by his attorney, W. Randal Baudin, of Baudin & Baudin. The Beneficiary was also present at the hearing.

**ARGUMENT:**

7. On March 24, 2008, the MSPRC (Medicare Secondary Payer Recovery Contractor) and CMS (Centers for Medicare & Medicaid Services), proffered a letter to Mr. Pantaleo and his attorneys, by which through the Secretary's designees, she claimed the amount of $4,576.00 as a "Medicare super-lien" to be attached and/or levied against the settlement proceeds that Nicholas Pantaleo received as a result of the personal injury suit he filed in the 22nd Judicial Circuit, McHenry County, Illinois, as a result of a

pedestrian/automobile collision in which he was involved on May 14, 1994. A copy of that "demand letter" dated March 24, 2008, is attached as **Exhibit "C."** (Bates pp.12-24.)

8. Essentially in response to the aforesaid demand letter of March 24, 2008, on April 3, 2008, Mr. Pantaleo's attorneys again forwarded to MSPRC his previous correspondence to MSPRC dated 6/27/07, 10/1/07, 11/20/07 and 1/25/08, copies of which are attached hereto as **Group Exhibit "D."** (Bates pp.25-43.) Appended to the letter of October 1, 2007 (Bates pp.30-35), are various excerpts of documents which concisely explained Mr. Pantaleo's position, to wit: that the Secretary was not entitled to any lien claim herein because the personal injury settlement that Mr. Pantaleo obtained was as a result of the lawsuit he filed as aforesaid in McHenry County, Illinois, by reason of a May 14, 1994, pedestrian/automobile collision. Mr. Pantaleo did receive care and treatment immediately subsequent to the May 14, 1994 incident, through on or about June 6, 1997. Most of those services were paid by private care medical insurance. During that tenure, Mr. Pantaleo was married, and was eligible for health insurance benefits through his wife's provider.

9. Mr. Pantaleo, who was born on January 26, 1935, was not even eligible to receive any Medicare benefits until January 1, 2000—and his first treatment which he received submitted to Medicare was on or about May 8, 2002—nearly eight years subsequent to the May 14, 1994 incident.

10. In the course of discovery undertaken in the civil lawsuit in McHenry County—Dr. Terry Lichtor, who performed and/or monitored and supervised three back surgeries upon Mr. Pantaleo, through various VA hospitals or VA related hospitals—had

testified, in pertinent part, that he could not relate any of the procedures that he performed as a sequelae of the injuries that Mr. Pantaleo sustained in the May 14, 1994 incident. In fact, after the discovery deposition of Dr. Lichtor (whose opinion admittedly took the Plaintiff's counsel by surprise)—the State Farm Insurance Company, the automobile insurance carrier for the Defendant in the underlying civil case, disclosed Dr. Lichtor as a witness for the defense. Simply put—because Dr. Lichtor was the only physician who was, on information and belief of Mr. Pantaleo, on contract and being paid by the Department of Health and Human Services or its designees, and receiving Medicare payments for his services—since he testified under oath that *none* of the procedures that he performed or supervised in 2002 and subsequent, were related to the collision—and since the claim by Medicare was for services rendered May 8, 2002, and subsequent—it is a puzzlement how or why Medicare persists in claiming its lien against Mr. Pantaleo's settlement proceeds.

11. It is respectfully submitted that Mr. Pantaleo said October 1, 2007 letter with accompanying exhibits concisely reflects Mr. Pantaleo's assertions that the Secretary has no claim whatsoever to any of his personal injury settlement proceeds. (NOTE: Also set forth at **Group Exhibit "D,"** attached to Baudin's correspondence dated November 20, 2007, is a Settlement Statement (Bates pp.37,38), setting forth the gross amount of the settlement of the underlying personal injury case in the sum of $18,000.00, and after deducting attorney's fees and costs advanced to prosecute Mr. Pantaleo's claim, there was a balance of $4,576.00 that would otherwise have been due and owing Mr. Pantaleo. But Medicare insists and repeatedly insisted on exercising its lien claim in the full amount of any proceeds that Mr. Pantaleo was entitled to—to wit:  $4,576.00.)

12. On May 26, 2009, Mr. Pantaleo proffered correspondence with accompanying exhibits to one of the designees of the Secretary, to wit: HHS OMHA Mid-West Field Offices in Cleveland, Ohio. A copy of that documentation is attached here as **Exhibit "E."** (Bates pp.44-52.)

13. Eventually, Mr. Pantaleo's challenge to the Secretary's lien claim was submitted to an Administrative Law Judge in the Office of Medicare Hearings and Appeals in a hearing conducted telephonically on August 4, 2009, at approximately 12:00 Central time. A copy of the Notice of that Hearing is attached hereto as **Exhibit "F."** (Bates pp.53-58.)

14. During the course of the hearing on August 4, 2009, the Administrative Law Judge graciously allowed Mr. Pantaleo's counsel to submit additional documentation to the ALJ, including but not limited to Mr. Pantaleo's Affidavit, and spread sheets reflecting in detail the purported amounts that Medicare claimed it had paid on behalf of Mr. Pantaleo and were related to care and treatment for Mr. Pantaleo as a result of injuries he sustained in the May 14, 1994 collision. The additional documentation is attached hereto as **Group Exhibit "G."** (Bates pp.59-77.)

15. The Administrative Law Judge, the Honorable John P. Sellers III, issued a decision on August 28, 2009. A copy of that decision is attached hereto as **Exhibit "H."** (Bates pp.78-86.)

16. After Judge Sellers' opinion was rendered, MSPRC proffered a letter dated October 15, 2009, asserting its lien—not for the original amount it had claimed, to wit: the sum of $4,576.00, but rather, in the amount of $1,914.16 in principal, and $367.48 in interest, or a total of $2,281.64. A copy of that letter is attached as **Exhibit "I."** (Bates

pp.87,88.)

17. In a timely fashion, Mr. Pantaleo appealed Administrative Law Judge Sellers'
decision in correspondence dated October 28, 2009, a copy of which is attached as
**Exhibit "J."** (Bates pp.89-153.) As referred to above, the Department of Health and
Human Services, Departmental Appeals Board, rendered its "Decision of Medicare
Appeals Council," affirming Judge Sellers' decision and its written opinion as aforesaid
having been issued by M. Susan Wiley, the Administrative Appeals Judge on February 8,
2010.

18. Consequently, the Secretary's position is that it is owed the sum of $1,914.16
in principal, and $367.48 in interest (at least through October 15, 2009)—seemingly with
a claim that interest continues until this matter is resolved.

19. As the record demonstrates, there are no genuine issues of material fact
herein, and it is respectfully requested that this Honorable Court review this matter in a
summary procedure.[1]

WHEREFORE, in view of the foregoing, it is respectfully requested that this
Honorable Court grant the following relief:

A. That the decision of the Administrative Law Judge John P. Sellers III rendered
August 28, 2009, and the Decision of the Medicare Appeals Board rendered February 8,
2010, be reversed and held for naught, and any lien claim sought by the Secretary or her

---

[1] At the time of preparation of this Complaint, Mr. Pantaleo's counsel has concurrently
written to the Office of the General Counsel, Department of Health and Human Services,
200 Independence Avenue, S.W., Washington, D.C, 20201, seeking a complete, unedited
and unabridged record of all the proceedings herein, including but not limited to an
audible copy of the tape or disc that was created and memorialized in the Administrative
Hearing of August 4, 2009, together with a written transcript thereof. Mr. Pantaleo's
attorneys are also sending a discovery request to the Office of the General Counsel for
the aforesaid materials, and upon receipt, would ask this Honorable Court to incorporate
those materials into the record on review herein.

designees herein, be vacated and held for naught;

B.    That this Honorable Court further order that the Plaintiff, NICHOLAS PANTALEO, is entitled to recovery of the full amount of the balance of his settlement proceeds stemming from the pedestrian/automobile collision of May 14, 1994, together with costs;

C.   Further, upon a careful review of the entirety of this record, Mr. Pantaleo is of the position that there was no legal nor justifiable rationale, based on the unequivocal facts in this case, for the Secretary to have claimed its lien herein, and more particularly, vigorously and incessantly demanding enforcement of its lien, and accordingly requests this Honorable Court to permit Mr. Pantaleo to file a petition for his attorney's fees and costs, together with a petition for interest on the funds that have been impounded as a result of the Secretary's lien;

D.   For such other further and different relief as this Honorable Court deems appropriate.

Respectfully submitted,
NICHOLAS PANTALEO, Plaintiff,


By: /s/ W. Randal Baudin
      W. RANDAL BAUDIN,
      His Attorney


W. RANDAL BAUDIN
Attorney No. 137189
BAUDIN & BAUDIN
P.O. Box 845
Dundee, IL   60118-0845
847.426.5295