Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50091 | **DATE** | 11/24/2010 |
| **CASE TITLE** | Pantaleo vs. Sebelius | | |

**DOCKET ENTRY TEXT:**

Defendant's motion to dismiss [11] is granted. This case is closed.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

    Plaintiff, Nicholas Pantaleo, seeks judicial review of a final decision of defendant, Kathleen Sebelius, the Secretary of the United States Department of Health and Human Services, regarding recovery of Medicare conditional payments. Defendant has filed a motion to dismiss contending that plaintiff failed to timely file his complaint seeking review in federal court. For the reasons that follow, defendant's motion is granted.

    Section 405(g) of the Social Security Act, as incorporated by 42 U.S.C. § 1395ff(b)(1), allows an individual to seek judicial review of the Secretary's final decision by commencing a civil action in federal court within 60 days after the mailing to him of notice of such decision, or within such further time as the Secretary may allow. 42 U.S.C. § 405(g). The Department of Health and Human Services' administrative regulations specify that "[a] party may file an action in a Federal district court within 60 calendar days after the date it receives notice of the [Medicare Appeals Council's] decision," 42 C.F.R. § 405.1130, and that the date of receipt of the notice "shall be presumed to be 5 calendar days after the date of the notice, unless there is a reasonable showing to the contrary," id. § 405.1136(c)(2). The Supreme Court has determined the 60-day limit to be a statute of limitations that acts as a condition on the waiver of sovereign immunity, and therefore, it must be strictly construed. Bowen v. City of New York, 476 U.S. 467, 479 (1986).

    The plain language of the statute and the regulation contemplate that the 60-day limitations period is triggered by receipt of the notice by the party, not the party's representative. See 42 U.S.C. § 405(g); 42 C.F.R. § 405.1130. Additionally, although there is no Seventh Circuit decision directly on point, courts who have considered the issue have either concluded that the receipt of the notice by the individual party triggers the 60-day limitations period or that receipt of the notice by either the individual or the individual's attorney, whichever occurs first, triggers the 60-day limitations period. See Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period."); Kinash v. Callahan, 129 F.3d 736, 738 (5th Cir. 1997) ("There is a rebuttable presumption that notice is received five days after it is mailed by the Commissioner to the claimant. . . . The availability of judicial review does not depend upon the receipt of notice by the claimant's attorney or personal representative."); Vine v. Bowen, No. 87 C 7924, 1988 WL 35595, at *1 (N.D. Ill. Apr. 8, 1988) (granting Secretary's motion to dismiss after finding that, although there was a factual dispute as to whether the party

| STATEMENT |
|---|

received the notice after the presumptive date, the presumption that the party received constructive notice within 5 days of the mailing the notice to her attorney was not rebutted).

In this case, there is no dispute that the defendant's decision issued on February 8, 2010, and the presumed date of receipt was February 13, 2010. Further, defendant has submitted an affidavit attesting to the fact that plaintiff was sent a copy of the decision, and that a copy was sent to plaintiff's counsel. Therefore, the last date on which a timely action seeking review could be filed was April 14, 2010. Plaintiff filed his complaint on April 15, 2010, one day too late.

Plaintiff's only argument against dismissal constitutes an attempt to rebut the presumption that his attorney received the decision on February 13, 2010. However, plaintiff makes no effort to rebut the presumption that he personaly received the notice on February 13, 2010. Thus, because this action was filed more than sixty days after plaintiff presumptively received notice of the defendant's final decision, it is time-barred and therefore is dismissed.