Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 50091 | **DATE** | 6/9/2011 |
| **CASE TITLE** | Pantaleo vs. Sebelius | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion to reconsider [23] is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  Plaintiff, Nicholas Pantaleo, sought judicial review of a final decision of defendant, Kathleen Sebelius, the Secretary of the United States Department of Health and Human Services, regarding recovery of Medicare conditional payments. On November 24, 2010, this court granted defendant's motion to dismiss which asserted that plaintiff failed to timely file his complaint seeking review. This court explained that the applicable statute and federal regulations allow parties to appeal such decisions within 60 days after the mailing of the decision and that the date of receipt of the notice "shall be presumed to be 5 calendar days after the date of the notice, unless there is a reasonable showing to the contrary," 42 C.F.R. § 405.1136(c)(2). The court noted that the 60-day limit is a statute of limitations that acts as a condition on the waiver of sovereign immunity, and therefore, must be strictly construed. Bowen v. N.Y.C., 476 U.S. 467, 479 (1986). The court explained further that under the plain language of the statute and applicable regulation it is the party's receipt of the notice that triggers the 60-day limitations period, not the party's representative's receipt. See 42 U.S.C. § 405(g); 42 C.F.R. § 405.1130. The court noted, however, that some courts have held that receipt of the notice by either the party or the party's attorney, whichever occurs first, triggers the 60-day period. See, e.g., Bess v. Barnhart, 337 F.3d 988, 990 (8th Cir. 2003) ("We conclude that notice received by either the individual or the individual's attorney, whichever occurs first, triggers the sixty-day limitations period.").

  In granting defendant's motion to dismiss, the court held that the presumptive receipt date was February 13, 2010 (5 days after the notice was mailed to plaintiff and his counsel on February 8, 2010) and that plaintiff failed to file his complaint by April 14, 2010 (60 days thereafter). Despite defendant's citation to the foregoing law in its motion to dismiss, in his response, plaintiff attempted to rebut the presumption that his attorney received the decision on February 13, 2010, but did not rebut the presumption that he personally received the notice on that date.

  Now, in his motion to reconsider, plaintiff attempts to make a reasonable showing that he personally received the notice after the presumptive receipt date of February 13, 2010. The defendant objects, arguing that the affidavits submitted in support of plaintiff's motion to reconsider are not properly considered at this stage because they do not constitute newly discovered evidence that could not have been previously presented. The court agrees.

## STATEMENT

Federal Rule of Civil Procedure 59(e) allows a court to amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence. Egonmwan v. Cook County Sheriff's Dep't, 602 F.3d 845, 852 (7th Cir. 2010). However, "[a] Rule 59(e) motion does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been presented to the district court prior to the judgment." United States v. Resnick, 594 F.3d 562, 568 (7th Cir. 2010) (quotation marks omitted).

Plaintiff does not take issue with the foregoing standard or provide an explanation why the affidavits submitted with his motion for reconsideration could not have been presented earlier when he responded to the motion to dismiss. Therefore, this court cannot find that the affidavits constitute newly discovered evidence and cannot consider those documents.[1] See Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996) (affirming district court's denial of Rule 59(e) motion where plaintiffs failed to offer any explanation as to why the information contained in the affidavits was not available to them when they opposed summary judgment). Consequently, the presumption that plaintiff received the notice on February 13, 2010, remains intact and this court's holding that the complaint was untimely stands.

Plaintiff also now argues that his complaint was timely even if the presumptive date of receipt was February 13, 2010. Plaintiff improperly attempts to advance this argument even though he could have but did not make it in response to the motion to dismiss. The court must reject the argument on that basis. See Resnick, 594 F.3d at 568. However, even if the court were to consider the argument, it would reject it. Specifically, plaintiff notes that February 13, 2010, was a Saturday, February 14, 2010, was a Sunday, and February 15, 2010, was a federal holiday, and argues by virtue of Federal Rule of Civil Procedure 6(a)(1)(C) that February 16, 2010 should be the presumptive date of notice.[2] In response, defendant argues that Rule 6 is inapplicable because it specifically applies "in computing any time period specified in [the Federal Rules of Civil Procedure], in any local rule or court order, or in any statute that does not specify a method of computing time," Fed. R. Civ. P. 6(a), but not to the 5-day triggering date of the limitations period provided by the Secretary of Health and Human Services regulations. Plaintiff does not refute defendant's argument.

In addition, plaintiff explains the merit of his appeal at some length and maintains that defendant would not be prejudiced were he allowed to proceed. Plaintiff does not, however, explain why these considerations are relevant to this court's analysis of the motion to reconsider. Thus, for the foregoing reasons, plaintiff's motion to reconsider is denied.

---

1. The court notes that defendant cites authority holding that an affidavit from a party or his attorney simply asserting that he or she received the notice on a date beyond the 5-day presumptive date are not sufficient to rebut the presumption because, otherwise, a tardy claimant could avoid the jurisdictional requirements by merely stating that the notice was delivered late. See McCall v. Bowen, 832 F.2d 862, 864 (5th Cir. 1987); Garcia v. Comm'r of Social Sec., 53 F. App'x 192, 194 (3rd Cir. 2002). Plaintiff does not take issue with this authority or present an argument explaining why it is not applicable in this case.

2. Rule 6(a)(1)(C) provides that in computing time periods the court should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).